IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 11-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| THOMAS DARRELL SWEAT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Violation Report (#12) filed in the above entitled cause on April 11, 2013 by the United States Probation Office.  In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release.  At the call of this matter on for hearing it appeared Defendant was present with his counsel, Jack Stewart, and the Government was present through Assistant United States Attorney, John Pritchard, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**:  At the call of the matter, the Defendant, by and through his attorney, denied the allegations contained in the Violation Report.  The

1

Government introduced, without objection, the Violation Report into evidence. Testimony was then presented by the government through United States Probation Officer Tamera Styles.

Defendant was charged in a bill of indictment filed on February 5, 2013 with knowingly receiving and possessing a firearm with a barrel less than 16 inches in length that was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§5841, 5861(d) and 5871. On February 25, 2013 the undersigned conducted a detention hearing and released Defendant on a $25,000 unsecured bond. The undersigned further set terms of release which included the following:

(8)(i) Defendant is to have no contact with anyone involved in the unlawful use, possession, or trafficking in drugs or any other unlawful conduct; and

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On April 9, 2013, Officer Styles, during her visit at the residence of Defendant, required Defendant to submit to an urine drug screen. The test gave a positive result for the use of opiates. Upon inspection of a prescription for

Hydrocodone that had been issued to Defendant it was discovered that Defendant had been prescribed Hydrocodone by Dr. Barbara Stagg on 3/30/13. Defendant was prescribed 120 dosage units. On April 9, 2013 Defendant only had 32 dosage units remaining. Defendant told Officer Styles he had given 10 dosage units to his girlfriend and 55 dosage units to his landlord's brother, Lincoln Peterson. Defendant further told Officer Styles he had been associating with a neighbor who was on probation.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>     (1)     finds that there is----
>             (A) probable cause to believe that the person has committed a
>     Federal, State, or local crime while on release; or
>             (B) clear and convincing evidence that the person has violated any
>      other condition of release; and
>     (2)     finds that ---
>             (A) based on the factors set forth in section 3142(g) of this title, there
>     is no condition or combination of conditions of release that will assure that
>     the person will not flee or pose a danger to the safety of any other person or
>     the community; or
>             (B) the person is unlikely to abide by any condition or combination
>     of conditions of release.

>    If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

3

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed at least a state felony while on. Defendant delivered Hydrocodone, which is a schedule III controlled substance, to his girlfriend and his landlord's brother, Lincoln Peterson, illegally and Defendant did not have legal authority to issue controlled substances to those persons. The delivery of a controlled substance is a felony under state law. N.C.G.S. § 90-95. Due to the fact there is probable cause to believe Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community. There has further been shown that Defendant violated the condition of release which required him to have no contact with anyone involved in unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct. Defendant delivered Hydrocodone to his girlfriend and to his landlord's brother, thus Defendant violated the terms of his pretrial release.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth in 18 USC § 3142(g), it appears there is no condition or combination of conditions that would assure that Defendant will not pose a danger to the safety of any other person or the

community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending further proceedings in this matter.

Signed: April 24, 2013

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge